

**ATTORNEYS AT LAW**

**MARC E. WOLIN**
(973) 622-8401
mew@saiber.com

April 18, 2011

**VIA ECF & US MAIL**
Honorable Tonianne J. Bongiovanni, U.S.M.J.
Clarkson S. Fisher Federal Building &
 U.S. Courthouse, Room 6052
402 East State Street
Trenton, New Jersey 08608

     Re:    Mehalis v. Frito-Lay, Inc., et al.
             Thibodeau v. Frito-Lay, Inc., et al.
             Civil Action No.: 08-cv-1371 (MLC)(TJB)

Dear Magistrate Judge Bongiovanni:

       On behalf of defendant Frito Lay, please accept this letter brief and the Certification of Marc Wolin ("Wolin Cert.") in opposition to the April 7, 2011 application (ECF No. 41) by plaintiffs John Mehalis and Curtis Thibodeau to extend the discovery end date and to compel the deposition of Ellen Varley, a former employee of Frito Lay, months after the close of discovery. For the reasons set forth below, plaintiffs' application should be denied.

       At no time prior to the close of discovery has Ms. Varley ever been listed as a person with knowledge in this matter. Ms. Varley was not identified in either plaintiffs' complaints. (See Wolin Cert., Exhibit A). She was not listed in plaintiffs' Rule 26 Initial Disclosures as an individual likely to have discoverable information. (See Wolin Cert., Exhibit B). Plaintiffs also failed to identify her in their responses to Frito-Lay Interrogatory No. 3, which specifically requests plaintiffs to set forth each person with "knowledge of any facts pertinent to the subject matter of this action." (See Wolin Cert., Exhibits C and D (Responses to Interrogatory No. 3)). Indeed, Ms. Varley is not mentioned anywhere in plaintiffs' interrogatory responses or in any of the documents produced in this case. At no time prior to the close of discovery have plaintiffs ever amended their responses to include her.

       During plaintiffs' depositions in September 2010, each plaintiff was asked whether their Interrogatory Responses to Interrogatory No. 3 were complete and accurate. Plaintiffs reviewed their respective response and amended it where they felt amendment was necessary. For example, Mr. Thibodeau amended his interrogatory response to include Con Edison and Pep Boys, his subsequent employers, as persons with knowledge. (See Thibodeau Dep. T. 182:21- 185:2, attached to Wolin Cert. as Exhibit F). Similarly, Mr. Mehalis amended his interrogatory response to include the Los Angeles Road Department. (See Mehalis Dep. T. 200:11-202:1, attached to Wolin Cert. as Exhibit E). Tellingly, neither plaintiff amended their responses to include Ms. Varley.

Honorable Tonianne Bongiovanni, U.S.M.J.
April 18, 2011
Page 2

Despite this, by way of letter dated on February 28, 2011-- *six weeks after the close of discovery*-- plaintiffs for the very first time requested the deposition of Ms. Varley. (See Jordan Irwin Certification ("Irwin Cert."), submitted on April 7, 2011, Exhibit F).

It is clear plaintiff has not demonstrated that they were diligent in deposing Ms. Varley. The Courts have held that when a party is not diligent in its duty to comply with the discovery deadlines, it cannot compel discovery after the discovery end date. See Clarke v. Marriot Int'l, Inc., 2010 WL 1657340, *5 (D.V.I. 2010)[1] (Court found that plaintiff was not diligent because plaintiff first sought a deposition regarding the relationship between parties over two months after the sixty day liability discovery period had elapsed and took no action to secure deposition date within sixty day period and waited over two months after discovery closed to make request); see Rosetsky v. National Bd. of Medical Examiners of U.S., Inc., 350 Fed. App'x. 698, 702 (3d Cir. 2009) (magistrate did not abuse discretion of denying extension of discovery deadline because counsel failed to work within discovery schedule and waited until eve of deadline to notice depositions).

Plaintiffs have given no logical reason why they waited six weeks after close of discovery to notice the deposition of Ms. Varley. Clearly, plaintiffs have known of Ms. Varley from before their Complaints were ever filed and for three years chose to do nothing about it. Indeed, as plaintiffs' counsel admits, Ms. Varley was mentioned in Mr. Thibodeau's September 22, 2010 deposition. (Irwin Cert., ¶13). If he felt her deposition had any marginal significance, he would have noticed her deposition then—or at any time before the January 2011 discovery end date. He did not. Instead, plaintiffs waited until February 10, 2011—one day before their expert report was due and almost one month after fact discovery closed, to write to the Court to request additional fact discovery. Plaintiffs disingenuously stated that they could not name additional witnesses because they did not have the transcripts of Frito Lay witnesses Darren Patnode, Donald Thompson, and Robert Austin. (Irwin Cert., Exhibit F). However, none of these witnesses ever mentioned Ellen Varley and plaintiffs rely only on plaintiff's September 2010 deposition testimony to request Ms. Varley's deposition.

Furthermore, contrary to Mr. Irwin's representations, Mr. Thibodeau's testimony does not support a basis for taking Ms. Varley's deposition. Mr. Thibodeau testified that he told Ms. Varley, a sales manager, that his supervisor was not responding to his complaints. (See Thibodeau Dep. T. 345:2-7, attached as Exhibit J to Irwin Cert.). However, it is undisputed that Ms. Varley, a former Frito Lay employee, was not plaintiffs' manager and had no disciplinary authority over plaintiffs. (Thibodeau Dep. T. 156:5-9, attached to Wolin Cert., Exhibit F; see also Montgomery Dep. 1T. 151:9-13, Wolin Cert., Exhibit G.). Ms. Varley was simply a friend or a co-worker to whom Thibodeau spoke. However, this is not enough to sustain a CEPA claim. See Tartaglia v. UBS Painewebber Inc., 197 N.J. 81 (2008) (CEPA requires a "sufficient

---

[1] A copy of the Clarke opinion is attached as Exhibit I to the Wolin Cert.

Honorable Tonianne Bongiovanni, U.S.M.J.
April 18, 2011
Page 3

expression of that disagreement to support the conclusion that the resulting discharge violates the mandate of public policy and is wrongful. That is to say, a complaint to an outside agency will ordinarily be a sufficient means of expression, but a passing remark to co-workers will not."). More importantly, nothing submitted during discovery— the complaint, the initial disclosures, the responses to interrogatories, or any deposition testimony— demonstrates that Ms. Varley has any first-hand knowledge of any facts in this case.

    In addition, plaintiff Thibodeau testified that he complained to Varley that he felt that he was being set up because Frito Lay employees were taking pictures of the trucks and had allegedly laid out dirty magazines in his tool box. (Thibodeau Dep. T. 343:5-15, attached as Exhibit J to Irwin Cert.). Ms. Varley simply responded with "hang in there." (Id. at T. 343:19-21). The testimony is not probative of any of plaintiff's allegations, and construed in its most favorable light, does not make plaintiffs' CEPA claim any more or less likely. In fact, plaintiff's termination memo is silent as to these issues. (Wolin Cert., Exhibit H). Moreover, when Mr. Thibodeau was terminated, a conversation that he surreptitiously recorded, nothing was discussed regarding dirty magazines. It is noteworthy that plaintiffs' application has omitted any reference to this recorded conversation. More importantly, plaintiffs have not alleged in this case that they were terminated for any of the reasons discussed with Ms. Varley. Ms. Varley's testimony allegedly would only reiterate Thibodeau's own subjective belief that he was going to be terminated and not why Thibodeau was in fact terminated. Ms. Varley's testimony would be superfluous at best, and does absolutely nothing to show that Frito-Lay allegedly violated CEPA.

    For these reasons, Frito Lay respectfully requests that this Court reject plaintiffs' request to take Ms. Varley's deposition, and should set deadlines for the filing of dispositive motions and the completion of expert discovery.

*[Handwritten note: Request for deposition is Denied if defendant will not oppose, other than on relevance, grounds, testimony as to the outlined charge. If opposed, the deposition of Ms Varley must be Noticed by June 16, 2011]*

Respectfully yours,

s/ Marc E. Wolin

MARC E. WOLIN

MEW:sab
c: Jordan Irwin, Esq. (via ECF)

So Ordered this *2* day of *June*, 20*11*

*[Signature]*

{00662260.DOC}

*[Handwritten: Docket Entry No 41 is terminated]*